# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARISSA WESTERN,<br><br>   Plaintiff,<br><br>vs.<br><br>CADENCE EDUCATION, LLC,<br><br>   Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE COURT AND TO PLAINTIFF MARISSA WESTERN AND HER ATTORNEY OF RECORD:**

Please take notice that Defendant Cadence Education, LLC ("Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, effectuating removal of the above-captioned action, from the Superior Court of the State of Washington for the County of Pierce, Civil Action No. 19-2-04641-0 to the United States District Court for the Western District of Washington, at Tacoma. This Notice of Removal is supported by the Declarations of Adam T. Pankratz ("Pankratz Decl.") and Marc Szczerba ("Szczerba Decl.") filed concurrently herewith, and Defendant alleges as follows:

//

NOTICE OF REMOVAL - 1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## I. BACKGROUND

1. On or about January 14, 2019, Plaintiff Marissa Western ("Plaintiff") filed a civil complaint (the "Complaint") in the Superior Court of the State of Washington for the County of Pierce, Case No. 19-2-04641-0. In accordance with 28 U.S.C. 1446(a), a true and correct copy of the Complaint is attached as Exhibit 1 to the Declaration of Adam T. Pankratz ("Complaint").

2. On January 14, 2019, the Court filed the Order Assigning Case to Judicial Department and Setting Review Hearing Date. *See* Pankratz Decl., ¶3, Ex. 2. Defendant was served on January 15, 2019, with a copy of the aforementioned Summons and Complaint. Szczerba Decl. at ¶3. On January 14, 2019, Plaintiff filed a Civil Case Cover Sheet. *See* Pankratz Decl., ¶4, Ex. 3. On February 4, 2018, Plaintiff filed an Affidavit of Service. *Id.* at ¶5, Ex. 4.

3. The foregoing constitutes all of the process, pleadings, and orders either served upon Defendant or filed in this action. *Id.* at ¶6.

4. The deadline for Defendant to remove the action has not expired since receipt by Defendant of the Summons and Complaint.

5. Defendant has not entered or appeared or voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of Pierce in any manner. *Id.* No further proceedings have been had in the state court as of the date of this Notice. *Id.*

## II. DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), and Defendant may remove it from the state court to federal court pursuant to 28 U.S.C. § 1441(a) because this action involves a controversy that exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. <u>Plaintiff's Citizenship</u>. For diversity purposes, a person is a "citizen" of the state

in which he or she is domiciled. *Kantor v. Wellesley Galeries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of his or her domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Upon information and belief, and relying on the allegations of Plaintiff's Complaint, Defendant alleges that Plaintiff is and was, at all relevant times, a citizen and resident of the State of Washington, County of Kitsap. *See* Complaint at ¶1.1.

8. <u>Defendant's Citizenship</u>. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of every State… by which it has been incorporated and of the State… where it has its principal place of business…"

    (a) Defendant Cadence Education, LLC is a Delaware limited liability company with its principal place of business in New York. Szczerba Decl. at ¶5. The sole member of Cadence Education, LLC, is North Haven Cadence Buyer, Inc., a corporation. *Id.* North Haven Cadence Buyer, Inc. is now, and ever since this action commenced, has been, incorporated under the laws of the State of Delaware, with its principal place of business in the State of New York. *Id.*

    (b) Under the "nerve center" test, a corporation's principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where it maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010). North Haven Cadence Buyer, Inc.'s "nerve center" is in New York, where it is headquartered and where its officers direct, control, and coordinate the company's business, finance, and legal decisions. Szczerba Decl. at ¶5.

9. Accordingly, Cadence Education, LLC is, and has at all times since the action

NOTICE OF REMOVAL - 3

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

commenced been, a citizen of the states of Delaware and New York.

10.     Therefore, Plaintiff (Washington) and Defendant (Delaware and New York) are citizens of different states and thus have diverse citizenship.

### III.     AMOUNT IN CONTROVERSY

11.     Plaintiff fails to specify a damages sum in her Complaint. Under 28 U.S.C. § 1446(a), Defendant has a reasonable good faith belief that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000, notwithstanding the fact that the Complaint does not specify the dollar amount of damages being sought.

12.     Plaintiff alleges she is entitled to "[l]ost wages and benefits of employment;" "[f]uture lost wages and benefits of employment;" "[g]eneral damages in the form of emotional distress;" "[f]or an award of reasonable attorneys' fees;" "[e]quitable relief as is determined to be reasonable and just by the Court;" "[f]or an award of damages compensating Plaintiff for costs of litigation for this case;" "[f]or [any] and all damages as afforded under Washington Statutory law," and "[f]or such other and further relief as this Honorable Court deems just and equitable and as may be allowed by applicable statutory authority." Complaint at ¶¶4.6 a-f, 5.2 a-g, & Prayer for Relief ¶¶6.1-6.8. Accordingly, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdictional amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

13.     Defendant has the burden of showing that it is more likely than not that the jurisdictional threshold is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, * 2 (E.D. Cal. May 1, 2007) (*quoting McCraw v. Lyons*, 863 F. Supp.

NOTICE OF REMOVAL - 4

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

430, 434 (W.D. Ky. 1994)).

14. In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Sec. Pac. Fin'l Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). These damages include "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008-11 (N.D. Cal. 2002). Further, the Court may examine extrinsic evidence of the amount in controversy. *See Singer*, *supra*, 116 F.3d at 377 (court may require parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

15. Here, it is more likely than not that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations:

(a) Plaintiff seeks broad economic and non-economic damages under state law, including but not limited to ""[l]ost wages and benefits of employment;" "[f]uture lost wages and benefits of employment;" "[g]eneral damages in the form of emotional distress;" "[f]or an award of reasonable attorneys' fees;" "[f]or an award of damages compensating Plaintiff for costs of litigation for this case;" "[f]or [any] and all damages as afforded under Washington Statutory law," and "[f]or such other and further relief as this Honorable Court deems just and equitable and as may be allowed by applicable

NOTICE OF REMOVAL - 5

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1  statutory authority." Complaint at ¶¶4.6 a-f, 5.2 a-g, & Prayer for Relief ¶¶6.1-6.8.

2      (b)    The amount in controversy in a wrongful discharge suit includes what the plaintiff would have earned *but for* the termination of employment, the damages for future pay are calculated from the date of termination to the date of judgment. *Lowe v. Sears Holding Corp.*, 545 F.Supp.2d 195 (D. N.H. 2008), citing *White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 675-676; *Gurrola v. Tyson Fresh Meats, Inc.* (D. Neb.) 2014 WL 25594 at *3.

    (c)    Plaintiff alleges she was terminated on July 21, 2017. Complaint at ¶3.10. Plaintiff filed her Complaint on January 14, 2019. *Id.* Trial in the Western District of Washington is likely to be 18 months (or more) from the date of this Notice of Removal, thereby scheduling trial on or around August 2020. Accordingly, Plaintiff's alleged wage loss is between July 21, 2017 and August 31, 2020.

    (d)    Therefore, Plaintiff alleges 2017 wage losses of $9,350 ($11.00 minimum wage);[1] 2018 wage losses of $22,080 ($11.50 minimum wage); 2019 wage losses of $23,040 ($12.00 minimum wage); and 2020 wage losses of $17,280 ($13.50 minimum wage). *See* Washington State Department of Labor & Industries, Initiative 1433, https://www.lni.wa.gov/WorkplaceRights/Wages/Minimum/1443.asp (last accessed February 4, 2019). In sum, Plaintiff alleges at least $71,750 in economic damages.

    (e)    Plaintiff also seeks to recover attorneys' fees. Complaint, Prayer for Relief at ¶6.4. Statutory attorney fees are included in a computation of the amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56. Washington courts have adopted the lodestar method for calculating reasonable attorney fees that a plaintiff incurs in

---

[1] *See* Ex. 4 to Pankratz Declaration.

NOTICE OF REMOVAL - 6

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

prosecuting claims under most statutes. *See, e.g., Collins v. Clark County Fire Dist. No. 5*, 155 Wn. App. 48, 99, 231 P.3d 1211 (2010). In a recent single-plaintiff employment lawsuit that the Court described as "not an extraordinary case," the Court approved a lodestar fee of $92,906.50. *Lane v. Grant County*, 2013 WL 5306986, * 7 (E.D. Wash., Sept. 20, 2013). It is more likely than not that plaintiff's lodestar fee through trial would be comparable.

16. Plaintiff's various damage claims may be aggregated to determine whether they exceed $75,000. *Lemmon v. Cedar Point, Inc.*, 406 F.2d 94, 96 (6th Cir. 1969); *Pakledinaz v. Consolidated Rail Co.*, 737 F. Supp. 47, 48 (E.D. Mich. 1990). When combined, Plaintiff's claims for economic damages, emotional distress damages, and attorneys' fees exceed the $75,000 jurisdictional threshold.

### III. ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

17. This Court is the appropriate venue for removal because it is the federal district court for the district and division where the above-described Pierce County Superior Court case is pending. *See* 28 U.S.C. § 1441(a).

18. This Notice of Removal is being timely filed within 30 days of January 15, 2019, when Defendant received notice of the initial pleading upon which this removal is based; additionally, this action may be removed on the basis of jurisdiction conferred by 28 U.S.C. § 1332(a) because it is filed within one year of the filing of the original complaint in this action in state court. *See* 28 U.S.C. § 1446(b).

19. As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed with the Pierce County Superior Court, attached to a pleading entitled Notice to State Court of Removal to Federal Court.

20. As required by 28 U.S.C. § 1446(d), and as affirmed in the attached Certificate of

NOTICE OF REMOVAL - 7

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1  Service, Defendant served Plaintiff with this Notice of Removal and with its Notice to State
2  Court of Removal to Federal Court.

### IV.     CONCLUSION

WHEREFORE, Defendant respectfully requests that this case be removed from the Superior Court of the State of Washington for Pierce County to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

Dated: February 14, 2019.      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/Adam T. Pankratz
By: /s/Kyle D. Nelson
Adam T. Pankratz, WSBA #50951
adam.pankratz@ogletree.com
Kyle D. Nelson, WSBA #49981
kyle.nelson@ogletree.com
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058
Attorneys for Defendant Cadence Education, LLC

NOTICE OF REMOVAL - 8

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2019 I served the foregoing document with the Clerk of the Court via ECF and mailed via USPS to the following:

**Ms. Kimberly S. Hammit**
GSJones Law Group, PS
1155 Bethel Avenue
Port Orchard, WA  98366

By: /s/ Marissa Lock
Marissa L. Lock, Practice Assistant

37237485.3

CERTIFICATE OF SERVICE - PAGE 9
(No. CaseNumber)

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058