filed 1/14/19
pierce

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR PIERCE COUNTY

MARISSA WESTERN,

                Plaintiff,

vs.

CADENCE EDUCATION, LLC, a Delaware limited liability company registered in Washington State,

                Defendant.

No. 19-2-04641-0

**COMPLAINT**

The Plaintiff, MARISSA WESTERN, by and though her undersigned attorney, makes the following claims and allegations:

## I.  PARTIES

1.1  Plaintiff, MARISSA WESTERN (hereinafter referred to as Plaintiff), is a resident of Kitsap County, Washington. She resided in Kitsap County, Washington at all times relevant and material to this complaint.

1.2  Defendant, CADENCE EDUCATION, LLC (hereinafter referred to as Defendants) is a business which owns and operates a daycare facility, in the County of Pierce, Washington.

## II. JURISDICTION AND VENUE

2.1  Plaintiff is a resident of Kitsap County, Washington.

2.2  Defendant is a Washington business which does business in the County of Pierce, and is therefore

Complaint - 1

GSJONES LAW GROUP, P.S.
1155 Bethel Avenue
Port Orchard, WA 98366
Phone: (360) 876-9221
Fax: (360) 876-5097

subject to the jurisdiction of this Honorable Court.

2.3  All acts of the above-identified Defendant giving rise to liability in this complaint occurred in Pierce County, Washington.

2.4  The parties to this lawsuit are within the jurisdiction of this Court.

2.5  Venue is properly in Pierce County, as the events giving rise to the claims in this case occurred in Pierce County.

2.6  The Superior Court of Pierce County, Washington has subject matter jurisdiction over the claims set forth in this Complaint.

### III. FACTS

3.1  Sections I and II, above, are hereby incorporated, verbatim.

3.2  Plaintiff was employed by the Defendant beginning approximately May 3, 2017.

3.3  On approximately July 17, 2017, Plaintiff reported to her employer, the Defendant, that she had observed another teacher, the lead teacher of the infant room, appeared high on marijuana while on shift at the daycare.

3.4  Again, on approximately July 19, 2017, Plaintiff reported to her employer, the Defendant, that she witnessed the same teacher in her car on a break from her shift smoking out of a pipe. She reported that she smelled marijuana. Plaintiff requested the employer go out and investigate but the employer refused.

3.5  Later that same day, Plaintiff witnessed the same teacher give a bottle to an infant of approximately 6 weeks of age that was far too hot for safe feeding. This incident was also report to the employer by the Plaintiff, who brushed it off and did nothing to investigate the teacher.

3.6  Apparently, another employer also reported the use of marijuana by the same teacher, which was

Complaint - 2

GSJONES LAW GROUP, P.S.
1155 Bethel Avenue
Port Orchard, WA 98366
Phone: (360) 876-9221
Fax: (360) 876-5097

also ignored by the defendant.

3.7 The same teacher also failed to change an infant's diaper, as required, which could result in injury to the infant. This was reported by the Plaintiff and ignored by the defendant.

3.8 The plaintiff also witnessed and reported another teacher who had held a child's head under a blanket. The Plaintiff witnessed the child begging the other teacher to stop but the teacher refused. The Plaintiff reported this to her employer, the defendant. As far as Plaintiff is aware, no action was taken by the defendant aside from a "write-up".

3.9 Plaintiff made a report to Child Protective Services on July 20, 2017 about the incidents she witnessed.

3.10 On July 21, 2017, defendant employer called Plaintiff into the office and stated she was being fired for harassing the teacher about smoking marijuana.

3.11 Defendant terminated Plaintiff in retaliation for her having made a report of negligence or abuse of a child to the supervisors at the employer and to Child Protective Services.

## IV. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

4.1 Sections I, II, and III of this complaint are hereby incorporated, verbatim.

4.2 Defendant was Plaintiff's employer, when it chose to and did terminate Plaintiff's employment.

4.3 Defendant terminated Plaintiff's employment in retaliation for Plaintiff having communicated to the employer neglect and possible abuse of a child by another teacher and the use of marijuana by a teacher while at work.

4.4 It is Washington State's public policy that employers be prohibited from terminating employees in retaliation for reporting employer misconduct when reporting is done for the good of the public.

Complaint - 3

GSJONES LAW GROUP, P.S.
1155 Bethel Avenue
Port Orchard, WA 98366
Phone: (360) 876-9221
Fax: (360) 876-5097

4.5  Defendant wrongfully terminated the Plaintiff in violation of Washington State public policy.

4.6  As a direct and proximate result of the Defendant's wrongfully terminating Plaintiff, the Plaintiff suffered:

    a)  Lost wages;

    b)  Future lost wages;

    c)  Lost benefits of employment;

    d)  Future lost benefits;

    e)  Consequential economic damages;

    f)  Emotional distress and mental anguish;

    g)  The loss of her employment position.

## V. DAMAGES

5.1  Sections I, II, III, and IV of this Complaint are hereby incorporated, verbatim.

5.2  As a direct and proximate result of the Defendant's wrongfully terminating Plaintiff, the Plaintiff suffered damages as specifically plead herein:

    a)  Lost wages;

    b)  Future lost wages;

    c)  Lost benefits of employment;

    d)  Future lost benefits;

    e)  Consequential economic damages;

    f)  Emotional distress and mental anguish;

    g)  Attorney's fees and the costs of this action.

5.3  The Plaintiff is entitled to an award of all relief provided under common law, equity, and by

Complaint - 4

GSJONES LAW GROUP, P.S.
1155 Bethel Avenue
Port Orchard, WA 98366
Phone: (360) 876-9221
Fax: (360) 876-5097

applicable statute.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for an award of damages against the Defendant as follows:

6.1   Lost wages and benefits of employment;

6.2   Future lost wages and benefits of employment;

6.3   General damages in the form of emotional distress;

6.4   For an award of reasonable attorneys' fees;

6.5   Equitable relief as is determined to be reasonable and just by the Court;

6.6   For an award of damages compensating Plaintiff for costs of litigation for this case;

6.7   For and all damages as afforded under Washington Statutory law.

6.8   For such other and further relief as this Honorable Court deems just and equitable and as may be allowed by applicable statutory authority.

Dated this 14 day of January, 2019.

KIMBERLY S. HAMMIT, WSBA#46464
Of GSJones Law Group, PS
Attorney for the Plaintiff

Complaint - 5

**GSJONES LAW GROUP, P.S.**
1155 Bethel Avenue
Port Orchard, WA  98366
Phone: (360) 876-9221
Fax: (360) 876-5097