THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARISSA WESTERN,<br><br>        Plaintiffs,<br><br>vs.<br><br>CADENCE EDUCATION, LLC,<br><br>        Defendant. | NO. 3:19-cv-05124<br><br>PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT<br><br>NOTE ON MOTIONS CALENDAR: MARCH 29, 2019 |

**Introduction And Request For Relief**

Plaintiff Marissa Western moves this Court for an order pursuant to 28 U.S.C. § 1447 (c) remanding this case to the Kitsap County Superior Court for lack of subject matter jurisdiction and for fees and costs incurred related to this removal. Defendant's Removal Notice was based on diversity jurisdiction. As such, Defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446 (c)(2)(B). Diversity of citizenship is not disputed.

In its Notice of Removal Defendant asserts that 'it is more likely than not that the amount in controversy exceeds the sum of $75,000." Def's Not. of Removal, Exhibit 2. (Dkt. # 1 at p.5) There simply is no basis for this once the plaintiff's earnings from the time of termination to the

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 1
CASE NO. 3:19-CV-05124

**GSJONES LAW GROUP, P.S.**
**1155 BETHEL AVENUE**
**PORT ORCHARD, WA 98366**
**(360) 876-9221**
**(360) 876-5097**

present time are calculated in.  Defendant previously received a demand for settlement in which the plaintiff sought $13,180 in wages as of October 15, 2018.  The settlement demand enclosed a very specific breakdown of the basis for the amount sought, including the amount mitigated by the plaintiff's employment following termination.  The total amount sought, as of October 15, 2018, was a mere $20,000 which included the wage claim as well as general damages that the plaintiff believed to be representative of the value of her claim.

Moreover, the there is no basis for statutory or contractual attorney's fees on the claims set forth in the plaintiff's complaint, nor does the defendant cite to any authority in its notice of removal which would provide for such fees.  When the wage claims are accurately calculated using information previously provided to the defendant, the evidence affirmatively establishes that the amount in controversy is less than $75,000.00.  Therefore, this Court is without jurisdiction and the case must be remanded to state court.  Because the defendant knew that the amount in controversy was well below the jurisdictional requirement, the Court should also award Plaintiff her fees and costs incurred in this motion.

## Factual Background

This is a Washington State common law tort claim for wrongful termination in violation of public policy.

Plaintiff was employed by the Defendant beginning approximately May 3, 2017.

On approximately July 17, 2017, Plaintiff reported to the Defendant, who was her employer at the time, that she had observed another teacher, the lead teacher of the infant room, appeared high on marijuana while on shift at the daycare.

Then again, on approximately July 19, 2017, Plaintiff reported to her employer, the Defendant, that she witnessed the same teacher in her car on a break from her shift smoking out

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 2
CASE NO. 3:19-CV-05124

GSJONES LAW GROUP, P.S.
1155 BETHEL AVENUE
PORT ORCHARD, WA 98366
(360) 876-9221
(360) 876-5097

of a pipe. She reported that she smelled marijuana. Plaintiff requested the employer go out and investigate but the employer refused.

Later that same day, Plaintiff witnessed the same teacher give a bottle to an infant of approximately 6 weeks of age that was far too hot for safe feeding. This incident was also reported to the employer by the Plaintiff, who brushed it off and did nothing to investigate the teacher.

Apparently, another employee reported the use of marijuana by the same teacher, which was also ignored by the defendant. The same teacher also failed to change an infant's diaper, as required, which could result in injury to the infant. This was reported by the Plaintiff and ignored by the defendant.

The plaintiff also witnessed and reported another teacher who had held a child's head under a blanket. The Plaintiff witnessed the child begging the teacher to stop but the teacher refused. The Plaintiff reported this to her employer, the defendant. As far as Plaintiff is aware, no action was taken by the defendant aside from a "write-up".

Plaintiff made a report to Child Protective Services on July 20, 2017 about the incidents she witnessed. On July 21, 2017, defendant employer called Plaintiff into the office and stated she was being fired for harassing the teacher about smoking marijuana. Defendant terminated Plaintiff in retaliation for her having made a report of negligence or abuse of a child to the employer and to Child Protective Services.

On October 15, 2018, Plaintiff, through counsel, sent a demand, including a specific calculation for her wage loss claims. The breakdown incorporated mitigation by Plaintiff's ongoing part time employment after her termination from the Defendant. A copy of the breakdown is attached to the concurrently filed Declaration of Kimberly S. Hammit as Exhibit 1.

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 3
CASE NO. 3:19-CV-05124

GSJONES LAW GROUP, P.S.
1155 BETHEL AVENUE
PORT ORCHARD, WA 98366
(360) 876-9221
(360) 876-5097

**Legal Authority**

1) <u>LEGAL STANDARD ON REMOVAL TO DISTRICT COURT:</u>  Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Insur.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d. 391 (1994).  Removal from state court to federal court is proper where the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446(c)(2)(B).  "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  District courts resolve all ambiguities in favor of remand.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

2) <u>LEGAL STANDARD ON AMOUNT IN CONTROVERSY:</u>   District courts shall have original jurisdiction where there is diversity in citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  This amount includes claims for general and special damages (excluding costs and interests), ***attorney's fees if recoverable by statute or contract***, and punitive damages, if recoverable as a matter of law. *Conrad Assocs. v. Hartford Accident & Indem. Co.,* 994 F.Supp. 1196, 1198 (N.D. Cal. 1998).  If the complaint does not plead a certain amount of damages, the removing party bears the burden of proving by a preponderance of the evidence that the amount in controversy is more than $75,000.00.  *Necessary v. State Farm Auto Insur. Co.,* 102 F.3d 398, 404 (9th Cir. 2009).  The presumption always favors the plaintiff rather than the defendant: "In a removed case, …the plaintiff chose a state rather than federal forum.  Because the

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 4
CASE NO. 3:19-CV-05124

GSJONES LAW GROUP, P.S.
1155 BETHEL AVENUE
PORT ORCHARD, WA 98366
(360) 876-9221
(360) 876-5097

plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court.' "*Cf. Singer v. State Farm Mut. Auto Insur. Co.,* 166 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 290, 56 S. Ct. 586, 82 L. Ed. 845 (1938)). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *see also Takeda v Northwestern Nat'l Life Insur. Co.,* 765 F.2d 815, 818 (9th Cir. 1985) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-9, 85 L. Ed. 1214, 61 S. Ct. 868 (1941)). A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). Claiming that damages "could" reach the jurisdictional minimum may not suffice to establish the required amount in controversy; a removing party must demonstrate the damages "would" reach the required minimum amount. *Roe v. Teletech Customer Care Management (Colorado), LLC,* C07-5149-RBL, (W.D.Wash., June 6, 2007).

  3)  ATTORNEY'S FEES ON REMAND:  Attorney's fees may be awarded to the party seeking remand pursuant to 28 U.S.C. § 1447(c). Plaintiff must only establish that the defendant lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A court in this circuit recently found that a defendant's failure to ascertain the citizenship of an LLC's members-which, once established, defeated removal-justified an award of attorney fees. The court found that "Rather than conducting a reasonable pre-removal investigation, Defendants removed this suit to determine whether it was properly removable." *Bishop v. Ride Ducks International, LLC*, C18-1319-JCC (W.D.Wash. October 17, 2018). (citing *Pac. Hosp. Grp. Ventures, Inc. v. NewcrestImage Holdings, LLC*, No. 8:17- cv-01353-JLS-JDE, 2017 WL 4286146, slip op. at *3 (C.D. Cal. Sept. 27, 2017). Where a defendant had no knowledge that the amount in controversy does exceed the jurisdictional amount, it was determined that the

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 5
CASE NO. 3:19-CV-05124

GSJONES LAW GROUP, P.S.
1155 BETHEL AVENUE
PORT ORCHARD, WA 98366
(360) 876-9221
(360) 876-5097

plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court.' "*Cf. Singer v. State Farm Mut. Auto Insur. Co.,* 166 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 290, 56 S. Ct. 586, 82 L. Ed. 845 (1938)). Any doubt as to the right of removal must be resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *see also Takeda v Northwestern Nat'l Life Insur. Co.,* 765 F.2d 815, 818 (9th Cir. 1985) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-9, 85 L. Ed. 1214, 61 S. Ct. 868 (1941)). A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). Claiming that damages "could" reach the jurisdictional minimum may not suffice to establish the required amount in controversy; a removing party must demonstrate the damages "would" reach the required minimum amount. *Roe v. Teletech Customer Care Management (Colorado), LLC,* C07-5149-RBL, (W.D.Wash., June 6, 2007).

3) ATTORNEY'S FEES ON REMAND: Attorney's fees may be awarded to the party seeking remand pursuant to 28 U.S.C. § 1447(c). Plaintiff must only establish that the defendant lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A court in this circuit recently found that a defendant's failure to ascertain the citizenship of an LLC's members-which, once established, defeated removal-justified an award of attorney fees. The court found that "Rather than conducting a reasonable pre-removal investigation, Defendants removed this suit to determine whether it was properly removable." *Bishop v. Ride Ducks International, LLC*, C18-1319-JCC (W.D.Wash. October 17, 2018). (citing *Pac. Hosp. Grp. Ventures, Inc. v. NewcrestImage Holdings, LLC*, No. 8:17- cv-01353-JLS-JDE, 2017 WL 4286146, slip op. at *3 (C.D. Cal. Sept. 27, 2017). Where a defendant had no knowledge that the amount in controversy does exceed the jurisdictional amount, it was determined that the

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 5
CASE NO. 3:19-CV-05124

GSJONES LAW GROUP, P.S.
1155 BETHEL AVENUE
PORT ORCHARD, WA 98366
(360) 876-9221
(360) 876-5097

defendant lacked an objectively reasonable basis for removal and attorney's fees were granted. *Conrad v. Geico Indemnity Company*, No. C14-1922 MJP, (W.D. Wash. February 23, 2015).

DISCUSSION

Plaintiff seeks remand to state court and attorney's fees incurred as a result of the improper removal. Despite Defendant having actual knowledge of the plaintiff's reasonable assessment of the value of her own case, Defendant ignores this information and further speculates not only as to the length of time necessary to resolve the claim but also that Plaintiff would not be able to mitigate her wage loss damages at all between the time she was terminated to the time of trial in order to try to meet the $75,000.00 threshold. In doing so, Defendant goes beyond simple negligence in failing to reasonably assess the damages as it had Plaintiff's calculation, and has acted in bad faith and is intentionally misleading the court in order to deprive the plaintiff of the forum of her choice.

The wage loss damages to date, relying on the calculations provided to defendant on October 15, 2018, will have reached $18,590 by the anticipated hearing date of this motion of March 29, 2019. Assuming a trial date as stated in Defendant's motion of August 20, 2020, and using the current wage loss calculation of $240 per week, the future damages would be in the range of $17,520 for a total to date plus future wage losses to be $36,110.00. See Dec. Hammit, Ex. 2.

Any noneconomic damages for emotional distress would be quite modest in this case, certainly not rising to the level of being over 100% the value of the economic damages portion calculated out until August of 2020. Although the value of such noneconomic damages falls within the purview of a jury, the settlement demand valued the noneconomic damages around $8,000. Again, this is the plaintiff's own reasonable assessment of the value of her claims and settlement demands are evidence of the amount in controversy. Furthermore, Defendant has failed to provide the court with any evidence reflecting a possible award for emotional distress.

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 6
CASE NO. 3:19-CV-05124

**GSJONES LAW GROUP, P.S.**
**1155 BETHEL AVENUE**
**PORT ORCHARD, WA 98366**
**(360) 876-9221**
**(360) 876-5097**

Even if the court were to rely on Defendant's wage calculations of $71,750, which intentionally ignore facts of Plaintiff's mitigation, the sum still falls short of the jurisdictional requirement of this court. (Dkt #1 at P. 6)

To make up the difference, Defendant then tries to rely solely on inclusion of attorney's fees. Problematic for the defendant, though, is that there is likely no statutory nor contractual basis for an award of attorney's fees. It is undisputed that where an underlying statute authorizes an award of attorney fees to a prevailing party, a claim for such fees can be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). However, Defendant fails to provide any factual basis or authority for an award of attorney's fees in this case, such an award would be unlikely and therefore has acted in bad faith arguing that attorney's fees would or even could be awarded when there is no legitimate basis for such an award in the underlying cause of action. Defendant simply relies on the Plaintiff's complaint in which attorney's fees were requested and on one case in which a large sum was awarded in attorney's fees. Plaintiff is entitled to and should request fees which they are otherwise entitled to by statute. The only statutory fees that might be available in this type of case would limited to $200. RCW 4.84.080. However, this action was brought in superior court and hence RCW 4.84.030 would appear to apply to remove the right to the attorney's fees. Attorney's fees are requested in the complaint under RCW 4.84.010 which provides for statutory attorney's fees to the prevailing party. In fact, Defendants notice of removal alludes to the fact that there are statutory attorney's fees provided for in this case. (Dkt #1 at P. 6).

Even if attorney's fees were authorized in the instant case, the defendant failed to identify how that case would be similar to the case at issue, how much time was invested in that case as compared to what would be reasonable in the instant case. That one case awarded a large sum of money as attorney's fees is not evidence that meets the preponderance of the evidence burden that

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 7
CASE NO. 3:19-CV-05124

**GSJONES LAW GROUP, P.S.**
**1155 BETHEL AVENUE**
**PORT ORCHARD, WA 98366**
**(360) 876-9221**
**(360) 876-5097**

the defendant is required to meet. Defendant merely threw in a case which seemed to bolster the amount in controversy for no other reason than to attempt to satisfy the minimum jurisdictional requirement.

As to the plaintiff's request for fees related to this removal pursuant to 28 U.S.C. § 1447(c), plaintiff must only establish that the defendant lack an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Not only did the defendant lack an objectively reasonable basis for seeking removal but the defendant blatantly ignored facts pertinent to the calculation which it had received prior to the plaintiff even filing the state court action. The demand included information upon which a reasonable defendant could calculate actual damages. While the defendant points out that they are not required to research or prove the plaintiff's claim for damages, it certainly is not allowed to blatantly ignore factual information it had received related to the plaintiff's value of her claims. Instead, the defendant chose to present this court with nothing more than minimum wage printouts and pure speculation. Furthermore, the inclusion of attorney's fees into the calculation of the amount in controversy despite there being no statutory or contractual basis, nor is any alleged in the complaint, is indicative of not only a lack of objectively reasonable basis for removal but goes even further, to the point of bad faith. The plaintiff should be awarded her fees incurred related to this removal.

## Conclusion

There is no doubt that the removing party must supply an evidentiary basis establishing more likely than not that the amount in controversy exceeds $75,000.00. The Defendant not only blatantly ignored information specific to the calculation of damages that it actually had received prior to the state action having been filed in an attempt to deprive the plaintiff of her right to pursue this matter in state court, but Defendant also attempted to attribute attorney's fees into the amount to reach that level, despite the fact that there is no basis for recovery of attorney's fees in this cause of

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 8
CASE NO. 3:19-CV-05124

**GSJONES LAW GROUP, P.S.**
**1155 BETHEL AVENUE**
**PORT ORCHARD, WA 98366**
**(360) 876-9221**
**(360) 876-5097**

action. However, Defendant has failed to meet its burden by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Additionally, the Defendant knew the economic damages had been mitigated, thereby reducing the claims far below what the Defendant alleges in the removal notice, yet the Defendant intentionally omitted that information in order to reach the jurisdictional minimum. Because of this, and pursuant to 28 U.S.C. § 1447(c), Plaintiff should be awarded her fees incurred as a result of this removal. For the reasons set forth herein, this court is without jurisdiction and the case must be remanded to state court.

DATED this 22nd day of February 2019.

s/ Kimberly S. Hammit
WSBA 46464
Attorney for plaintiff
GSJones Law Group, P.S.
1155 Bethel Avenue
Port Orchard, WA 98366
Telephone: (360) 876-9221
Fax:    (360) 876-5097
E-mail: kim@gsjoneslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam T. Pankratz
Kyle D. Nelson
       at
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 9
CASE NO. 3:19-CV-05124

**GSJONES LAW GROUP, P.S.**
**1155 BETHEL AVENUE**
**PORT ORCHARD, WA 98366**
**(360) 876-9221**
**(360) 876-5097**

s/ Kimberly S. Hammit
WSBA 46464
Attorney for plaintiff
GSJones Law Group, P.S.
1155 Bethel Avenue
Port Orchard, WA 98366
Telephone: (360) 876-9221
Fax:    (360) 876-5097
E-mail: kim@gsjoneslaw.com

PLAINTIFF'S MOTION TO REMAND
WESTERN V. CADENCE EDUCATION, LLC - 10
CASE NO. 3:19-CV-05124

**GSJONES LAW GROUP, P.S.**
**1155 BETHEL AVENUE**
**PORT ORCHARD, WA 98366**
**(360) 876-9221**
**(360) 876-5097**